IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

ZIEGLER, INC.,

                      Plaintiff,        MEMORANDUM and ORDER

   v.                                      07-cv-514-jcs

LAPEAN TRACTOR & AUCTION CO., LLC,

                      Defendant.
_____

     Plaintiff Ziegler, Inc. commenced this action for breach of contract, promissory estoppel, account stated, unjust enrichment and conversion seeking $187,883.62.  On December 18, 2007 plaintiff filed a motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, submitting proposed findings of facts, conclusions of law, affidavits and a brief in support thereof. Pursuant to this Court's October 24, 2007 preliminary pre-trial conference report, defendant's response to this motion was to be filed not later than January 7, 2008 and has not been filed to date.

     On a motion for summary judgment the question is whether any genuine issue of material fact remains following the submission by both parties of affidavits and other supporting materials and, if not, whether the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. An adverse party may not rest upon the mere allegations or denials of the pleading, but the response must set forth specific facts showing there is a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

There is no issue for trial unless there is sufficient evidence favoring the non-moving party that a jury could return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

FACTS

For purposes of deciding plaintiff's motion for summary judgment the Court finds that there is no genuine dispute as to any of the following material facts.

Plaintiff Ziegler, Inc. is a Minnesota corporation with its principal place of business in Minnesota. LaPean Tractor & Auction Company is a Wisconsin limited liability company with its principal place of business in Dunn County, Wisconsin.

Plaintiff and defendant entered into a consignment agreement whereby plaintiff placed certain equipment with the defendant which

defendant was to sell and remit the sale proceeds to plaintiff. Plaintiff would then owe the defendant a commission.

Defendant sold the equipment but failed to remit all the proceeds to plaintiff. Defendant breached the contract.

Defendant owes plaintiff $33,087.00 for equipment sold to Luther Grohn, $151,000.00 for equipment it bought and $19,000.00 for equipment sold to Jaquish Farms, Inc. The total owed is $203,087.00 minus offsets for commissions and repairs in the amount of $15,203.38. Defendant owes plaintiff $187,883.62.

MEMORANDUM

Plaintiff claims that judgment should be entered against defendant in the amount of $187,883.62. In opposing plaintiff's motion for summary judgment defendant cannot rest on the mere allegations of its pleadings but must submit evidence that there is a genuine issue of material fact for trial. Defendant has failed to submit any affidavit or other evidence which contradicts the evidence submitted by the plaintiff. There is no genuine issue of material fact, and this case can be decided as a matter of law.

Defendant has not disputed that it breached the contract with plaintiff, failed to pay an account stated, converted plaintiff's property and was unjustly enriched. As a result of defendant's actions it owes plaintiff $187,833.62.

Plaintiff's motion for summary judgment will be granted. Judgment will be entered in favor of plaintiff against defendant in the amount of $187,833.62

ORDER

IT IS ORDERED that plaintiff's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that judgment be entered in favor of plaintiff against defendant in the amount of $187,833.62.

Entered this 16th day of January, 2008.

BY THE COURT:

/s/

JOHN C. SHABAZ
District Judge